IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-432-FL

| | |
|---|---|
| CHARLENE R. MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 36, 39). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed an objection to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed an application for period of disability and disability insurance benefits on November 29, 2011, alleging disability beginning April 26, 2011. The applications were denied initially and upon reconsideration. A hearing was held on December 7, 2012, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated January 11, 2013. The appeals council denied plaintiff's request for review on March 19, 2013, and plaintiff filed the instant action on June 17, 2013.

**DISCUSSION**

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718

F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since April 26, 2011, the date of alleged disability. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease, obesity, patellofemoral syndrome of both knees, urinary stress and urge incontinence, left shoulder strain, ganglion cyst, posttraumatic stress disorder, and depression. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the listings in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium work with restrictions. In making this assessment, the ALJ found plaintiff's statements about her limitations not fully credible. At step four, the ALJ concluded

3

plaintiff was not capable of performing her past relevant work. At step five, upon considering testimony of a vocational expert ("VE"), the ALJ determined that there were jobs that existed in significant numbers in the national economy that plaintiff is capable of performing.

B.      Analysis

Plaintiff challenges the decision denying benefits on three grounds, and she objects on the basis that the magistrate judge erred in evaluating these arguments. The court will address each in turn.

1.      Department of Veterans Affairs (VA) Rating Decision

Plaintiff argues that the ALJ erred in failing to give substantial weight to a December, 2011, VA decision awarding plaintiff a disability rating of 90%. "[T]he VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012). "Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." Id. (quotations omitted).

"Because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." Id. Thus, "in making a disability determination, the SSA [Social Security Administration] must give substantial weight to a VA disability rating." Id. "However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the

4

effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." Id. In Bird, the Fourth Circuit held that the ALJ erred in finding a VA disability rating irrelevant based solely on the fact that the VA decision became effective after the claimant's date last insured. See id.

In this case, the ALJ discussed the VA decision at length, and the ALJ explained his reasons for giving the decision little weight. The ALJ noted that several components of the VA disability rating conflicted with the ALJ's assessment of the medical evidence in the record under SSA standards for evaluating disability. For example, the ALJ noted that the 20% VA disability rating for lumbar degenerative disc disease was based only on plaintiff's range of motion, whereas the ALJ's determination was based on the impact of plaintiff's ability to work and seven exertional requirements. Likewise, the ALJ noted that the 30% rating for hysterectomy, and 40% rating for incontinence, was not supported by evidence regarding the functional limitations stemming from the impairments. The ALJ also suggested that other components of the rating, such as posttraumatic stress disorder and depression, were not supported by medical evidence bearing on functional limitations. These comparisons were supported by substantial evidence in the record. (Compare Tr. 1893-98, 1901-02, 1905-06 with Tr. 21-23; 851, 932, 1632, 1700, 1825, 1875, 2216, 2259-65, 2341, 2338).

Plaintiff argues that the ALJ incorrectly portrayed the methodology of the VA disability rating decision, by stating that it did not focus on functional limitations or ability to work. The ALJ, however, expressly recognized the standard for considering a VA decision, quoting language from

5

Bird. In addition, even assuming the ALJ misstated the methodology generally employed by the VA as portrayed in Bird, the ALJ's observations about the VA disability rating decision in this particular case were supported by substantial evidence. Likewise, his determination that plaintiff did not suffer functional limitations to the degree represented by the VA disability rating also were supported by substantial evidence. Because the ALJ explained the reasons for giving little weight to the VA decision, and because these reasons were supported by substantial evidence in the record, the court must uphold the determination of the Commissioner.

  2. Incontinence

Plaintiff argues that the ALJ erred in failing to state in the RFC determination any limitations caused by incontinence, where the ALJ previously determined that plaintiff's incontinence was severe. When a claimant has severe impairments, the Commissioner "will consider the limiting effects of all [claimant's] impairment(s), even those that are not severe, in determining [claimant's] residual functional capacity." 20 C.F.R. § 404.1545(e). "[R]esidual functional capacity is the most [a claimant] can still do despite [her] limitations" caused by her impairments. 20 C.F.R. § 404.1545(a)(1).

In this case, the ALJ discussed the limiting effects of plaintiff's incontinence, and its bearing on plaintiff's residual functional capacity. In particular, the ALJ stated that "the claimant's incontinence, bilateral knee, and back symptoms were reduced with medication and therapeutic exercises helped her urinary incontinence," and that "the treating notes showed that she was discharged from a treating program for her incontinency because of poor attendance and compliance issues. . . ." (Tr. 21). On this basis, the ALJ concluded that "plaintiff's symptoms from her physical

6

impairments were not as limiting or severe as alleged." (Tr. 22). The ALJ's assessment of the medical record regarding plaintiff's limitations due to incontinence was supported by substantial evidence. (See Tr. 1874-90). Because the ALJ sufficiently explained his consideration of plaintiff's incontinence, and such explanation was supported by substantial evidence, the Commissioner's determination must be upheld.

        3.        Medical Listings

Plaintiff contends that the ALJ erred by not discussing applicability of listings at step three of the sequential evaluation process, including Listing 1.02 for her knees, obesity, shoulder, and ganglion cyst, and Listing 1.04 for her degenerative disk disease, obesity, and incontinence.

"The ALJ is only required to explicitly identify and discuss relevant listings of impairments where there is ample evidence in the record to support a determination that an impairment meets or medically equals a listing." Kelly v. Astrue, 5:08-CV-289-FL, 2009 WL 1346241 * 5 (E.D.N.C. May 12, 2009) (internal quotations omitted); see Cook v. Heckler, 783 F.2d 1168, 1172, 1173 (4th Cir. 1986) (holding that where "there is ample evidence in the record to support a determination that [plaintiff's condition] met or equalled" one of the listings, the ALJ is required to "explain the reasons for the determination that [plaintiff's condition] did not meet or equal a listed impairment").

In this case, the ALJ explained at step three of the sequential evaluation process that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (Tr. 16). Although the ALJ did not reference Listing 1.02 and Listing 1.04 specifically, additional discussion was not required because there was not "ample evidence in the record" to support application of Listing 1.02 and Listing 1.04. Plaintiff does not cite to any evidence of "gross anatomical deformity" and imaging findings of "joint space narrowing, bony destruction, or ankylosis," and "inability to ambulate," in accordance with the requirements of Listing 1.02. 20

C.F.R. Pt. 404, Subpt. P, App. 1.  Nor does she cite to evidence of "nerve root compression," "spinal arachnoiditis," or "[l]umbar spinal stenosis," manifested by medical imaging and motor loss, as required by Listing 1.04.  Id.

Plaintiff argues, nonetheless, that remand is required for discussion of the listings in accordance with Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013).  In Radford, the court remanded for further proceedings where the ALJ "provided no explanation other than writing that he 'considered, in particular,'" a variety of listings."  Id. at 295.  Radford, however, is distinguishable from the present case because the Fourth Circuit concluded that there was, in fact, more than ample evidence to support application of Listing 1.04:  "A full explanation by the ALJ is particularly important in this case because Radford's medical record includes a fair amount of evidence supportive of his claim; indeed, there are five years of medical examinations, and there is probative evidence strongly suggesting that Radford meets or equals Listing 1.04A."  Id. (internal citation omitted) (emphasis added).  In this case, by contrast, where there is no such probative evidence suggesting that plaintiff meets or equals Listing 1.02 or Listing 1.04, the ALJ was not required to engage in a full explanation of such listings.

## CONCLUSION

Based on the foregoing, upon *de novo* review of the M&R, and upon considered review of the record, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion for judgment on the pleadings (DE 36), GRANTS defendant's motion for judgment on the pleadings (DE 39), and AFFIRMS the final decision by defendant.  The clerk is directed to close this case.

SO ORDERED, this the 14th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

9